Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **James Sao,** an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Pro-Tech Products, Inc.**, an Arizona company; and **Randall Winter,** an Arizona resident;<br><br>Defendants. | Case No.<br><br><br>**VERIFIED COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

Plaintiff James Sao, for his Verified Complaint against Defendants, hereby allege as follows:

## **NATURE OF THE CASE**

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**"); and failure to make timely payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-350 – 23-355 ("**Arizona Wage Statute**").

2. This action is also brought to recover minimum wage compensation,

liquidated or double damages, and statutory penalties resulting from Defendants' violations of the FLSA and Arizona Minimum Wage Statute.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Plaintiff's state law claims are sufficiently related to his federal claims that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona Minimum Wage Statute and the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

7. Plaintiff was employed by Defendants in this District.

## PARTIES

8. At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

9. Plaintiff was a full-time employee of Defendants from on or around August 12, 2019 until on or around August 16, 2019.

10. At all relevant times, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

11. At all relevant times, Plaintiff was an employee of Defendants as defined by

A.R.S. § 23-362(A).

12. At all relevant times, Plaintiff was an employee of Defendants as defined by A.R.S. § 23-350(2).

13. Defendant Pro-Tech Products, Inc. is a company authorized to do business in Arizona.

14. Defendant Pro-Tech Products, Inc. was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

15. Defendant Pro-Tech Products, Inc. was Plaintiff's employer as defined by A.R.S. § 23-362(B).

16. Defendant Pro-Tech Products, Inc. was Plaintiff's employer as defined by A.R.S. § 23-350(3).

17. Defendant Randall Winter is an Arizona resident.

18. Defendant Randall Winter has directly caused events to take place giving rise to this action.

19. Defendant Randall Winter is a director and officer at Pro-Tech Products, Inc.

20. Defendant Randall Winter has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

21. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Randall Winter is an employer.

22. Defendant Randall Winter has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

23. Defendant Randall Winter has been at all relevant times Plaintiff's employer

as defined by A.R.S. § 23-350(3).

24. Defendant Randall Winter had the authority to hire and fire employees.

25. Defendant Randall Winter supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

26. Defendant Randall Winter determined the rate and method of Plaintiff's payment of wages.

27. Defendant Randall Winter maintained employment records in connection with Plaintiff's employment.

28. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Randall Winter is subject to individual and personal liability under the FLSA.

29. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

30. Defendants, and each of them, are sued in both their individual and corporate capacities.

31. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

32. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

33. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

34. At all relevant times, Plaintiff, in his work for Defendants, was engaged in

interstate commerce.

35. Plaintiff, in his work for Defendants, regularly handled goods produced and transported in interstate commerce.

**FACTUAL ALLEGATIONS**

36. Defendants, together, are a manufacturing company that produces residential and commercial roofing systems.

37. On or around August 12, 2019, Plaintiff commenced employment with Defendants as a laborer.

38. Plaintiff's primary job duties included performing labor relating to roofing needs.

39. From on or around August 12, 2019 until on or around August 16, 2019, Plaintiff was a non-exempt employee paid at the rate of $14.00 per hour.

40. After working for that workweek, Plaintiff decided that the job was not for him.

41. Plaintiff worked a total of approximately 40 hours for Defendants.

42. Plaintiff is owed $560 in compensation for all hours worked.

43. Plaintiff did not receive any compensation for the week of work he performed.

44. Plaintiff did not receive his owed wages during the next regular payday.

45. When Plaintiff addressed the non-payment with Defendants, he was informed that according to the company handbook, if you work under a certain amount of days, you will not be paid for the work that was performed.

46. After Plaintiff engaged undersigned counsel, a demand letter was sent to

Defendants demanding back wages, treble damages, and attorneys' fees.

47. On September 18, 2019, Plaintiff's counsel received a check in the amount of $517.16.

48. On September 18, 2019, Plaintiff's counsel informed Defendants' counsel that Plaintiff has rejected this check.

49. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

50. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee's rights under the FLSA pursuant to 29 C.F.R. § 516.4.

51. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

### COUNT I
### (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

52. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

53. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

54. Plaintiff is an employee entitled to the statutorily mandated minimum wage.

55. Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

56. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving proper compensation in accordance with 29 U.S.C.§ 206.

57. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

58. Defendants' actions in failing to properly compensate Plaintiff, in violation of the FLSA, were willful.

59. Defendants knew Plaintiff was not being compensated properly for time worked and failed to pay proper minimum wages.

60. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

61. Defendants have not made a good faith effort to comply with the FLSA.

62. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**(FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)**

63. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

64. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

65. Defendants intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the Arizona Minimum Wage Statute.

66. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

67. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT III
### (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)

68. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

69. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Wage Statute.

70. Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

71. Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

72. Defendants failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

73. Defendants have willfully failed and refused to timely pay wages due to Plaintiff.

74. As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

   i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

      ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206;

      iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

      iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute;

      v. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-364(g) and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED September 24, 2019.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd. Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff James Sao declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
James Sao

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com